UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

XFINITY MOBILE, A BRAND OF COMCAST OTR1, LLC, COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST CORPORATION,

    Petitioners,

v.

AS TRADING CORP and SFA TRADING "INC",

    Respondents.

Miscellaneous Action No. _____

**PETITIONERS' MOTION TO COMPEL COMPLIANCE WITH
SUBPOENAS AND INCORPORATED MEMORANDUM IN SUPPORT**

Petitioners Xfinity Mobile, a brand of Comcast OTR1, LLC, Comcast Cable Communications, LLC, and Comcast Corporation ("Petitioners" or "Xfinity Mobile") move this Court, pursuant to Federal Rules of Civil Procedure 37 and 45, to compel non-parties AS Trading Corp and SFA Trading "Inc" (collectively, "Respondents") to produce the documents identified in the issued subpoenas. This motion is based on the memorandum of law set forth herein and the Declaration of Gail Podolsky and exhibits attached thereto.

**INTRODUCTION**

Xfinity Mobile's Motion to Compel relates to an action pending in the U.S. District Court for the Northern District of Georgia, *Xfinity Mobile, a brand of Comcast OTR1, LLC, et al. v. Devin Tech Inc., et al.*, Civil Action No. 1:19-CV-03294-JPB (the "Underlying Case"). Xfinity Mobile filed suit against Defendants Devin Tech Inc., Abuzer Emre Ozer, Samet Eraslan, and Mehmet Taskin (collectively, "Defendants") because they are engaged in, and knowingly facilitate and

encourage others to engage in, unlawful business practices involving the unauthorized and deceptive purchase and resale of wireless communications handsets under the brand Xfinity Mobile (collectively "XM Phones" or "Phones"), the theft of Xfinity Mobile's financial investment in the Phones, the unlawful access of Xfinity Mobile's protected computer networks, the trafficking of Xfinity Mobile's security codes, and the willful infringement of the Xfinity Mobile trademarks (collectively, the "Scheme").  Xfinity Mobile's Complaint seeks damages and injunctive relief as a result of Defendants' violations of multiple state and federal laws.  A true and correct copy of the Complaint in the Underlying Case is attached hereto as Exhibit 1.

In the course of the litigation, Xfinity Mobile uncovered evidence demonstrating that Respondents transacted business with some of the Defendants and have relevant information regarding Defendants' trafficking of XM Phones.  Xfinity Mobile identified AS Trading Corp. and SF Trading "Inc" in Plaintiffs' Initial Disclosures in the Underlying Case.  *See* Declaration of Gail Podolsky ("Podolsky Decl.") at ¶ 16, attached hereto as Exhibit 2.  On October 31, 2019, Xfinity Mobile issued Subpoenas Duces Tecum to Produce Documents in a Civil Action (the "Subpoenas") to Respondents requiring them to produce documents relating to their transactions with Defendants on November 18, 2019.  To date, Respondents have not produced any documents or served any written objections, which are now waived, and did not file for a protective order, asking that this discovery not be had.  Accordingly, Xfinity Mobile requests that the Court enter an order compelling Respondents to comply with the Subpoenas and award Xfinity Mobile its expenses, including attorney's fees and costs, associated with bringing this Motion.

## FACTUAL BACKGROUND

A. **Subpoena to AS Trading Corp**

On October 31, 2019, Xfinity Mobile issued a Subpoena Duces Tecum to Produce Documents in a Civil Action to AS Trading Corp ("AS Trading") requiring it to produce documents by November 18, 2019 (the "AS Trading Subpoena"). Podolsky Decl. at ¶ 3. Documents produced in the Underlying Case demonstrate that AS Trading bought and sold iPhones and that AS Trading conducted substantial business with some of the Defendants. *Id.* The AS Trading Subpoena was served via FedEx on November 1, 2019 at 9:56 a.m. *Id.* at ¶ 4. On December 20, 2019, Xfinity Mobile's counsel contacted Andro Suarez, AS Trading's registered agent and owner, regarding the company's failure to respond to the AS Trading Subpoena. *Id.* at ¶ 5. Mr. Suarez flatly refused to comply with the AS Trading Subpoena. *Id.* On January 3, 2020, Xfinity Mobile sent another copy of the AS Trading Subpoena, along with a good faith letter, to the attention of Mr. Suarez. *Id.* at ¶ 6. The good faith letter demanded that documents be produced by January 14, 2020 or Xfinity Mobile would be forced to seek judicial intervention. *Id.* Subsequently, Xfinity Mobile attempted to reach Mr. Suarez via telephone several times to discuss the AS Trading Subpoena, but those calls were not returned. *Id.* at ¶ 7. AS Trading has ignored all efforts at communication by Xfinity Mobile's counsel and has not produced any documents in response to the Subpoena. *Id.* at ¶ 8.

B. **Subpoena to SFA Trading**

On October 31, 2019, Xfinity Mobile issued a Subpoena Duces Tecum to Produce Documents in a Civil Action to SFA Trading "Inc" ("SFA Trading") requiring it to produce documents on November 18, 2019 (the "SFA Trading Subpoena"). *Id.* at ¶ 9. Documents produced in the Underlying Case demonstrate that SFA Trading, a wholesale electronics company, conducted business with some of the Defendants. *Id.* The SFA Trading Subpoena was served via FedEx on

3

November 1, 2019 at 12:00 p.m. *Id.* at ¶ 10. On December 17, 2019, Xfinity Mobile's counsel contacted Sameer Farouk Ibrahim, SFA Trading's President, via telephone and email regarding the company's failure to respond to the SFA Trading Subpoena. *Id.* at ¶ 11. Xfinity Mobile's counsel again attempted to reach Mr. Ibrahim by telephone on January 7, 2020 and left a voicemail regarding the SFA Trading Subpoena. *Id.* at ¶ 12. After failing to return the call, Xfinity Mobile sent SFA Trading a good faith letter demanding production of all documents by January 22, 2020 or Xfinity Mobile would be forced to seek judicial intervention. *Id.* at ¶ 13. To date, SFA Trading has ignored all efforts at communication by Xfinity Mobile's counsel and has produced any documents in response to the Subpoena. *Id.* at ¶ 14.

## MEMORANDUM OF LAW

### I. THE COURT SHOULD COMPEL RESPONDENTS TO COMPLY WITH THE SUBPOENAS

Rule 34 of the Federal Rules of Civil Procedure authorizes parties in civil actions to request from non-parties, by Rule 45 subpoena, "documents and tangible things" within the scope of discovery permitted by Rule 26(b). *See* Fed.R.Civ.P. 34(c). If a non-party fails to produce documents in compliance with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed materials. *See* Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i); *see also Noel-Wagstaffe v. Metropolitan Casualty Ins. Co.*, case no. 17-civ-61039, 2017 WL 6047679, at *2 (S.D. Fla. Dec. 7, 2017).

#### A. The Subpoenas Were Properly Served and are Valid

In accordance with Rule 45(a), the Subpoenas were issued from the U.S. District Court for the Northern District of Georgia, where the Underlying Case is pending. There is no dispute that the Subpoenas satisfy the form and content requirements of Rule 45(a). Moreover, the Subpoenas were properly served via FedEx as "Rule 45 does not require personal service; rather, it requires

service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (holding that service of third-party subpoenas may be made by FedEx)[1]. The SFA Trading Subpoena required compliance at counsel's West Palm Beach office, which is less than 100 miles from where SFA Trading regularly transacts business. *See* Fed.R.Civ.P. 45(c) (providing that a subpoena may command attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business). Podolsky Decl. at ¶ 15. The AS Trading Subpoena required compliance at counsel's Miami office, which is less than 100 miles from where SFA Trading regularly transacts business. *Id.* Accordingly, the Subpoenas are valid, and the Court should compel Respondents to comply.

B. **The Subpoenas Seek Documents Within the Scope of Discovery**

Rule 26(b) provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b). Federal Courts treat the scope of discovery under a subpoena "the same as the scope of discovery under Rule 26." *Amer. Federation of State, Cnty. and Mun. Employees (AFSCME) Council 39 v. Scott*, 277 F.R.D. 474,

---

[1] *See also TracFone Wireless, Inc. v. Nektova Group, LLC*, 328 F.R.D. 664, 667 (S.D. Fla. 2019); *In re MTS Bank*, No. 17-21545-MC, 2018 WL 1718685, at *4 n.3 (S.D. Fla. Mar. 16, 2018); *Tim Hortons USA, Inc. v. Singh*, No. 16-23041-CIV, 2017 WL 1326285, at *9 (S.D. Fla. Apr. 5, 2017); *TracFone Wireless, Inc. v. Hernandez*, 126 F.Supp.3d 1357, 1363–64 (S.D. Fla. 2015); *Bozo v. Bozo*, No. 12-CV-24174, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013); *S.E.C. v. Rex Venture Grp., LLC*, No. 13-MC-004-WTH-PRL, 2013 WL 1278088, at *3 (M.D. Fla. March 28, 2013) (finding the decisions in *TracFone v. Does 1-5*, *Falcon Air*, and *Codrington v. Anheuser-Busch* "persuasive, especially since it is clear that [the subpoenaed non-party] received the subpoena both by federal express and certified mail"); *TracFone Wireless, Inc. v. Does 1-5*, No. 11-CV-21871-MGC, 2011 WL 4711458, at *4 (S.D. Fla. Oct. 4, 2011); *In re Falcon Air Exp., Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799, at *1, *4 (Bankr. S.D. Fla. May 8, 2008); *Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999); *Warsteiner Importers Agency, Inc. v. Republic Nat. Distrib. Co., LLC*, No. 808CV1156T24TGW, 2008 WL 4104568, at *6 (M.D. Fla. July 31, 2008).

121618907.v2

476 (S.D. Fla. 2011).

The Subpoenas seek documents on topics pertaining to the business dealings between Defendants and Respondents which are likely to show whether, and to what extent, Defendants sold XM Phones to any of the Respondents or bought XM Phones from any of the Respondents in furtherance of the Scheme. Podolsky Decl. at ¶¶ 3, 9. The information sought in the Subpoenas will also assist in identifying Defendants' co-conspirators. *Id.* The documents sought are also likely to uncover Defendants' methods of carrying out their illicit Scheme. *Id.* The Subpoenas thus properly seek the production of documents within the permissible scope of discovery.

Moreover, Respondents did not timely object to the Subpoenas or assert that compliance with the Subpoenas would impose an undue burden or expense. *Id.* at ¶¶ 8, 14. *See* Fed.R.Civ.P. 45(d)(2)(B) (providing that objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Accordingly, Respondents waived any objections, and Xfinity Mobile is entitled to all of the materials requested. *Walinbay S.A. v. Fresh Results, LLC*, Case Nos. 13-CIV-60844 , 13-CIV-615460, 2014 WL 1267170, at *2 (S.D. Fla. Feb. 26, 2014) ("[F]ailure to timely respond to discovery requests results in a waiver of any objections."); 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463 ("A failure to object within the fourteen-day period usually results in waiver of the contested issue.").

The Court should compel Respondents to comply with the Subpoenas.

## II. XFINITY MOBILE IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS

Under the Court's inherent powers, Xfinity Mobile is entitled to recover its expenses, including attorney's fees and costs, incurred as a result of filing this Motion. *See Barash v. Kates*, 585 F. Supp. 2d 1347, 1368 (S.D. Fla. 2006) (sanctioning a party pursuant to the Court's inherent

6

authority and stating that "the Court's inherent authority are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1326 (9th Cir. 1983) (holding that the district court properly ordered subpoenaed witness' attorney to pay motion to compel expenses); *Trs. of the Teamsters Local 456 Pension v. A.G. Constr. Corp.*, No. 12 CIV. 2994 (ER), 2017 WL 590322, at *2 (S.D.N.Y. Feb. 14, 2017) (ordering non-party to pay plaintiff $5,387.56 in fees and costs for his failure to comply with a subpoena); *Sell v. Country Life Ins. Co.*, No. CV-15-00353-PHX-DJH, 2017 WL 5713885, at *5 (D. Ariz. Feb. 27, 2017) (finding the award of attorney fees proper for noncompliance with an ordered deposition where "Rule 45(g) authorizes contempt sanctions not only for non-compliance with a subpoena but also for non-compliance of subpoena-related orders"); *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1–2 (S.D.N.Y. Aug. 26, 2014) ("holding defendant in contempt [under Rule 45(g)] for failure to comply with plaintiffs' subpoena and awarding plaintiffs' reasonable attorneys' fees and costs"); *Anderson v. City of New York*, No. CV-06-5363 KAM/VVP, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009) ("Any motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances.").

Xfinity Mobile made good faith attempts to resolve these discovery issues without bringing the Court into this dispute. Respondents failed to provide justification for failing to comply with the Subpoenas. Moreover, Xfinity Mobile has been and continues to be prejudiced by Respondents' actions because it is unable to obtain documents that are highly relevant to the Underlying Case and it is unable to identify the additional co-conspirators involved in the Scheme.

7

121618907.v2

In addition, because Respondents failed to comply with the Subpoenas and failed to offer any objections or other reasons for their non-compliance, the Court may hold Respondents in contempt. *See* Fed.R.Civ.P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *see also Martinez v. Antique & Salvage Liquidators, Inc.*, No. 09-997, 2011 WL 798707, at * 2 (N.D. Cal. Feb. 8, 2011) (ordering non-party to show cause why he should not be held in contempt for failure to comply with subpoena for deposition testimony); *Martinez v. City of Avondale*, No. 12-1837, 2013 WL 5705291, at * 5 (D. Ariz. Oct. 18, 2013) (ordering non-party to show cause why he should not be held in contempt for failure to comply with duly issued subpoena). A finding of contempt is warranted here because Respondents' conduct shows willfulness. Respondents were served with the Subpoenas, were aware of their obligations under the Subpoenas, and chose not to comply.

In finding contempt, the Court may award litigation expenses, in addition to any other sanctions the Court deems appropriate. *See, e.g.*, *Sprint Nextel Corp.*, 2014 WL 4308355, at * 2 ("holding P&R Brothers in contempt for failing to comply with Plaintiffs' subpoena" in the first instance and further stating that any further violations of the order to comply with the subpoena could result in another finding of contempt and the imposition of additional sanctions in the form of fines of $500 per day, subject to escalation, incarceration and additional attorneys' fees and costs); *Forsythe v. Brown*, 281 F.R.D. 577, 592-93 (D. Nev. 2012) (magistrate judge recommended that non-party witness be held in contempt because he failed to demonstrate that he took reasonable steps to comply with subpoenas and recommending sanctions if the form of attorneys' fees to prevailing party), *rpt. & rec. adopted by*, No. 10-716, 2012 WL 1833393 (D. Nev. May 18, 2012).

The Court should find Respondents in contempt and order them to reimburse Xfinity Mobile's costs and expenses, including attorneys' fees, incurred in bringing this Motion.[2]

## CONCLUSION

For the foregoing reasons, the Court should grant Xfinity Mobile's Motion to Compel and enter an order requiring Respondents to produce the documents requested in the Xfinity Mobile Subpoenas. The Court should also award Xfinity Mobile its expenses, including attorney's fees and costs, associated with bringing this Motion.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7(a)(3), undersigned counsel certifies that counsel for the movant has conferred with all non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted this 30th day of April, 2020.

**CARLTON FIELDS, P.A.**

By: /s/ *Stacey K. Sutton*
    Stacey K. Sutton
    Florida Bar No. 289530
    525 Okeechobee Boulevard
    Suite 1200
    West Palm Beach, Florida 33401-6350
    (561) 659-7070
    (561) 659-7368 (fax)
    Email: ssutton@carltonfields.com

    Gail Podolsky
    Georgia Bar No. 142021
    1201 West Peachtree Street
    Suite 3000
    Atlanta, Georgia 30309
    (404) 815-3400

---

[2] If the Court grants Xfinity Mobile's request, Xfinity Mobile will submit itemized documentation of its litigation expenses.

(404) 815-3415 (fax)
Email: gpodolsky@carltonfields.com

***Attorneys for Petitioners***

10

121618907.v2

## **CERTIFICATE OF SERVICE**

I certify that, on April 30, 2020, a true and correct copy of the foregoing was sent via email, First Class US Mail, and overnight delivery to the following:

Andro Suarez
President
AS Trading Corp
6985 W. 16 Avenue
Hialeah, Florida 33014
andro_suarez@yahoo.com

Andro Suarez
President
AS Trading Corp
3110 W 84th Street, Suite 2
Hialeah, Florida 33018
andro_suarez@yahoo.com

Sameer Farouk Ibrahim
President
SFA Trading "Inc"
1621 SE Blockton Avenue
Port St. Lucie, Florida 34942
vipmens@aol.com

I certify that, on April 30, 2020, a true and correct copy of the foregoing was sent via email to the following:

Eric Fisher
efisher@btlaw.com

Counsel for Defendants
Devin Tech Inc.,
Abuzer Emre Ozer,
Samet Eraslan, and
Mehmet Taskin

/s/ *Stacey K. Sutton*
Stacey K. Sutton
Florida Bar No. 289530

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Xfinity Mobile, a brand of Comcast OTR1, LLC, Comcast Cable Communications, LLC, and Comcast Corporation

### DEFENDANTS
AS Trading Corp and SFA Trading "Inc"

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stacey K. Sutton, Carlton Fields, P.A.
525 Okeechobee Blvd., Suite 1200, West Palm Beach, FL 33401

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence

*Other:*
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee – Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐YES ☐NO   b) Related Cases ☒YES ☐NO
JUDGE: Jean-Paul Boulee (N.D. Ga.)   DOCKET NUMBER: 1:19-cv-03294-JPB

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Miscellaneous action to enforce Subpoenas Duces Tecum
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE: April 30, 2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Stacey K. Sutton

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   IFP   JUDGE   MAG JUDGE