UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-mc-80722-DIMITROULEAS/MATTHEWMAN

XFINITY MOBILE, A BRAND OF COMCAST
OTR1, LLC, COMCAST CABLE
COMMUNICATIONS, LLC, and COMCAST
CORPORATION,

    Petitioners,

vs.

AS TRADING CORP and SFA TRADING
"INC",

    Respondents.
_____/

FILED BY ___KJZ___ D.C.

Jul 20, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER GRANTING PETITIONERS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS [DE 1]

**THIS CAUSE** is before the Court upon Petitioners, Xfinity Mobile, a brand of Comcast OTR1, LLC, Comcast Cable Communications, LLC, and Comcast Corporation's ("Petitioners") Motion to Compel Compliance with Subpoenas ("Motion") [DE 1]. The Motion was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. *See* DE 4.

The Motion was filed on April 30, 2020. On May 4, 2020, the Court entered an Order to Show Cause to Respondents AS Trading Corp. and SFA Trading "Inc" ("Respondents"). [DE 5]. The Order required that Respondents show cause on or before May 20, 2020, why the Motion should not be granted. *Id.* The Clerk of Court was directed to mail a copy of this Order to Andro Suarez and Sameer Farouk Ibrahim, officers of Respondents. *Id.* Furthermore, Petitioners' counsel was directed to serve a copy of this Order upon Respondents by email and to file a Notice in this

1

case stating that they have done so. *Id.* Finally, Respondents were put on notice that failure to comply with this Order may result in sanctions, including but not limited to, imposing an award of attorney's fees and costs against Respondents and in favor of Petitioners and a finding of contempt of court. *Id.*

On May 5, 2020, Petitioners filed a Certificate of Counsel [DE 6], stating that counsel had emailed the Order to Respondents as required. The Clerk of Court also mailed the Order to Respondents. However, no response was timely filed by Respondents.

Therefore, on May 22, 2020, the Court entered an Order Requiring Respondents to Respond to Petitioners' Motion to Compel Compliance with Subpoenas and to Respond to the Court's Order to Show Cause [DE 7]. The Court explained that it was providing Respondents with one final chance to respond to the Motion and to the Order to Show Cause on or before June 19, 2020. *Id.* at p. 2. The Court also warned Respondents that, if they continued to refuse to comply with the subpoenas and to respond to Court Orders, the Court would consider imposition of contempt proceedings against Respondent Corporations and their principals, Andro Suarez and Sameer Farouk Ibrahim. *Id.* Additionally, the Court stated that, if necessary, it would consider ordering the U.S. Marshal to pick up the principals of Respondent Corporations, Andro Suarez and Sameer Farouk Ibrahim, to be brought the West Palm Beach federal courthouse to show cause why they should not be held in contempt of court for failing to comply with a subpoena and Orders of this Court. *Id.* The Court further explained that, if Respondents, two corporations, fail to respond to the subpoena and Court Orders, the corporations and the principals of Respondents may be subject to sanctions, including an award of costs and attorney's fees, contempt proceedings, a finding of contempt, and any additional necessary sanctions. *Id.* at pp. 2-3.

In the May 22, 2020 Order, the Court ordered Respondents and their principals to respond to Petitioners' Motion [DE 1] and the Court's Order to Show Cause [DE 5] on or before June 19, 2020. [DE 7, p. 3]. Next, the Court directed the Clerk of Court to mail a copy of this Order to the Respondent Corporations and the following officers of Respondents: (1) Andro Suarez, 6985 W. 16 Avenue, Hialeah, Florida 33014; (2) Andro Suarez, 3110 W 84th Street, Suite 2, Hialeah, Florida 33018; and (3) Sameer Farouk Ibrahim, 1621 SE Blockton Avenue, Port St. Lucie, Florida 34952. *Id.* at pp. 3-4. Finally, the Court directed Petitioners' counsel to have the Order and the Court's Order to Show Cause [DE 5] forthwith personally served by a process server on the principals and registered agents of Respondents and file the proof of personal service with the court on or before June 9, 2020. *Id.* at p. 4.

On June 9, 2020, Petitioners filed their Notice of Personal Service and Service Efforts in Compliance with the Court's May 22, 2020 Order Requiring Personal Service [DE 8]. According to the Notice and attached Affidavit of Service, after several attempts, Petitioners served Andro Suarez, principal and registered agent for Respondent AS Trading, on June 8, 2020. *Id.* at p. 2; DE 8-1. However, despite Petitioners' best efforts, Sameer Farouk Ibrahim's "willful avoidance prevented Petitioners from effecting personal service on Ibrahim, Respondent SFA Trading's principal and registered agent." *Id.* Petitioners detail their attempts to serve Ibrahim and attach supporting documentation. *Id.* at 2-3; DE 8-2; DE 8-3. Petitioners contend that, even though he was not personally served, Ibrahim still has notice of the Orders because the copies of the Orders that were left in Ibrahim's mailbox were removed, copies of the Orders were tacked to the door of his residence, and Petitioners' counsel was contacted by an attorney on behalf of Ibrahim to discuss the subpoena. *Id.* at p. 3; DE 8-4.

The Court has carefully reviewed Petitioners' Motion [DE 1] and the entire docket in this case. At this point, the Court has provided Respondents with multiple opportunities to respond to the subpoenas and to the Court's Orders and has ensured due process. Yet, Respondents have willfully refused to respond to the subpoenas or comply with the Court's Orders.

The Court will first grant Petitioners' Motion by default due to Respondents' failure to respond to the Order to Show Cause. According to Local Rule 7.1(c), failure to file a response "may be deemed sufficient cause for granting the motion by default." *Id*. Accordingly, pursuant to Local Rule 7.1(c), Petitioner's Motion is **GRANTED** by default due to Respondents' failure to respond. *See Turner v. Trans Union, LLC*, No. 18-CV-80938, 2019 WL 2709000, at *1 (S.D. Fla. June 21, 2019); *James v. Wal-Mart Stores E., LP*, No. 18-CV-81325, 2019 WL 124308, at *1 (S.D. Fla. Jan. 8, 2019); *Affonso v. Se. Fla. Transportation Grp., LLC*, No. 14-81309-CV, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29, 2016).

Second, after careful review, the Court will grant the Motion on the merits. In the Motion, Petitioners assert that Respondents have not produced any documents or served any written objections to the subpoenas at issue in the underlying case pending in the U.S. District Court for the Northern District of Georgia, *Xfinity Mobile, a brand of Comcast OTR1, LLC, et al. v. Devin Tech Inc., et al.*, Civil Action No. 1:19-CV-03294-JPB. [DE 1, p. 2]. Moreover, Respondents did not file a motion for protective order. *Id.* According to Petitioners, Respondents, who are non-parties in the underlying action, refused to comply with the subpoenas despite multiple communications from Petitioners' counsel to Respondents. *Id.* at pp. 3-4. Respondents have been dilatory, uncooperative, and obstructionist in responding to Petitioners' subpoenas. This Court will not tolerate such behavior. Respondents are hereby **ORDERED** to fully respond to all

4

outstanding subpoena requests on or before **August 10, 2020**.

Furthermore, all objections have been waived. *See Sakhil Ctr. at Doral Condo. Ass'n, Inc. v. Hanover Ins. Co.*, No. 18-21659-CIV, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019) ("A non-party waives any objections if she does not timely object to the subpoena.") (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *see also Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990); *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994)).

Based on the forgoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioners' Motion to Compel Compliance with Subpoenas [DE 1] is **GRANTED.** Respondents are **ORDERED** to provide complete responses and produce all responsive documents to the subpoenas at issue on or before **August 10, 2020.** Respondents have waived all objections to the subpoenas.

2. Respondents and their principals are hereby put on notice and advised that failure to comply with this Order may result in the imposition of sanctions, including, but not limited to, contempt proceedings against Respondents and their principals, Andro Suarez and Sameer Farouk Ibrahim; an order requiring the U.S. Marshal to pick up the principals of Respondent Corporations, Andro Suarez and Sameer Farouk Ibrahim, to be brought the West Palm Beach federal courthouse to show cause why they should not be held in contempt of court for failing to comply with a subpoena and Orders of this Court; an award of costs and attorney's fees against Respondents, Andro Suarez, and Sameer Farouk Ibrahim; and any additional necessary sanctions.

3. Respondents have failed to comply with a subpoena, have failed to respond to Petitioners' Motion, and have failed to comply with a Court Order [DE 7]. The Court

hereby grants Petitioners, Xfinity Mobile, a brand of Comcast OTR1, LLC, Comcast Cable Communications, LLC, and Comcast Corporation's request for sanctions pursuant to the Court's inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting Alyeska, 421 U.S. at 258-59) (internal quotations omitted) (Under its inherent power, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"). The Court finds that Respondents have acted in bad faith, vexatiously, wantonly, and in a dilatory and evasive manner. The Court hereby awards attorney's fees and costs in favor of Petitioners to be paid by Respondents, AS Trading Corp. and SFA Trading "Inc." In order to assist the Court in determining a reasonable award of attorney's fees and costs pursuant to this Order, Petitioners shall file an appropriate affidavit with the Court on or before **August 4, 2020,** documenting all attorney's fees and costs incurred as a result of drafting its Motion [DE 1], personally serving pleadings upon Respondents' principals (as required by the Court), and reviewing this Court's Orders. The affidavit should include the amount of reasonable attorney's fees sought, hours expended, services rendered, and hourly rate sought. Petitioners shall serve their affidavit upon Respondents. Respondents shall have until on or before **August 18, 2020,** to file a response or objections to the hourly rate claimed by Petitioners' counsel and the number of hours incurred by Petitioners' counsel. Thereafter, Petitioners shall have until on or before **August 25, 2020,** to file any reply to Respondents' response. The Court will then determine the amount of reasonable attorney's fees and costs, which shall be paid by Respondents to Petitioners, and enter a further written Order.

4. The Clerk of Court is DIRECTED to mail a copy of this Order to the following officers of Respondents: (1) Andro Suarez, 6985 W. 16 Avenue, Hialeah, Florida 33014; (2) Andro Suarez, 3110 W 84th Street, Suite 2, Hialeah, Florida 33018; and (3) Sameer Farouk Ibrahim, 1621 SE Blockton Avenue, Port St. Lucie, Florida 34952.

5. Petitioners' counsel is DIRECTED to serve this Order via email, if known, on the principals and registered agents of Respondents. Petitioners' counsel shall also provide a copy of this Order to Thomas J. Patti, Esq., an attorney at the Law Offices of Jibrael S. Hindi, PLLC.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2020.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge