UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 20-mc-80722-DIMITROULEAS/MATTHEWMAN

XFINITY MOBILE, A BRAND OF COMCAST
OTR1, LLC, COMCAST CABLE
COMMUNICATIONS, LLC, and COMCAST
CORPORATION,

     Petitioners,

vs.

AS TRADING CORP and SFA TRADING
"INC",

     Respondents.

_____/



## ORDER AWARDING ATTORNEY'S FEES TO PETITIONERS AND AGAINST RESPONDENTS

THIS CAUSE is before the Court upon the Declaration of Gail Podolsky [DE 10]; Respondent, AS Trading Corp.'s ("AS Trading" or "Respondent") Response to Petitioners' Attorneys' Fees [DE 13]; and Petitioners, Xfinity Mobile, a brand of Comcast OTR1, LLC, Comcast Cable Communications, LLC, and Comcast Corporation's ("Petitioners") Reply in Support of Their Fee Petition [DE 14]. This matter was referred to the undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DE 4]. Respondent, SFA Trading "Inc." ("SFA Trading" or "Respondent"), failed to file a timely response or any objections to the attorney's fees and costs claimed by Petitioners. The Court has carefully reviewed the filings and the Court's prior Orders, as well the entire docket in this case.

1

## **BACKGROUND**

On April 30, 2020, Petitioners filed a Motion to Compel Compliance with Subpoenas [DE 1]. On May 4, 2020, the Court entered an Order to Show Cause to Respondents AS Trading and SFA Trading. [DE 5]. The Order required that Respondents show cause on or before May 20, 2020, why the Motion should not be granted. *Id.* The Clerk of Court was directed to mail a copy of this Order to Andro Suarez and Sameer Farouk Ibrahim, officers of Respondents. *Id.* Respondents were put on notice that failure to comply with this Order may result in sanctions, including but not limited to, imposing an award of attorney's fees and costs against Respondents and in favor of Petitioners and a finding of contempt of court. *Id.*

On May 5, 2020, Petitioners filed a Certificate of Counsel [DE 6], stating that counsel had emailed the Order to Respondents as required. The Clerk of Court also mailed the Order to Respondents. However, no response was timely filed by Respondents.

Therefore, on May 22, 2020, the Court entered an Order Requiring Respondents to Respond to Petitioners' Motion to Compel Compliance with Subpoenas and to Respond to the Court's Order to Show Cause [DE 7]. The Court warned Respondents that, if they continued to refuse to comply with the subpoenas and to respond to Court Orders, the Court would consider imposition of contempt proceedings against Respondent Corporations and their principals, Andro Suarez and Sameer Farouk Ibrahim. *Id.* at. 2.  The Court further explained that, if Respondents, two corporations, fail to respond to the subpoena and Court Orders, the corporations and the principals may be subject to sanctions, including an award of costs and attorney's fees, contempt proceedings, a finding of contempt, and any additional necessary sanctions. *Id.* at pp. 2-3.

2

In the May 22, 2020 Order, the Court ordered Respondents and their principals to respond to Petitioners' Motion [DE 1] and the Court's Order to Show Cause [DE 5] on or before June 19, 2020. [DE 7, p. 3]. Next, the Court directed the Clerk of Court to mail a copy of this Order to the Respondent Corporations and Andro Suarez and Sameer Farouk Ibrahim. *Id.* at pp. 3-4. Finally, the Court directed Petitioners' counsel to have the Order and the Court's Order to Show Cause [DE 5] personally served by a process server on the principals and registered agents of Respondents and file the proof of personal service with the court on or before June 9, 2020. *Id.* at p. 4.

On June 9, 2020, Petitioners filed their Notice of Personal Service and Service Efforts in Compliance with the Court's May 22, 2020 Order Requiring Personal Service [DE 8]. According to the Notice and attached Affidavit of Service, after several attempts, Petitioners served Andro Suarez, principal and registered agent for Respondent AS Trading, on June 8, 2020. *Id.* at p. 2; DE 8-1. However, despite Petitioners' best efforts, Sameer Farouk Ibrahim's "willful avoidance prevented Petitioners from effecting personal service on Ibrahim, Respondent SFA Trading's principal and registered agent." *Id.* Petitioners detail their attempts to serve Ibrahim and attach supporting documentation. *Id.* at 2-3; DE 8-2; DE 8-3. Petitioners contend that, even though he was not personally served, Ibrahim still has notice of the Orders because the copies of the Orders that were left in Ibrahim's mailbox were removed, copies of the Orders were tacked to the door of his residence, and Petitioners' counsel was contacted by an attorney on behalf of Ibrahim to discuss the subpoena. *Id.* at p. 3; DE 8-4.

On July 20, 2020, the Court entered an Order Granting Petitioners' Motion to Compel Compliance with Subpoenas [DE 9]. The Court explained that it had provided Respondents with multiple opportunities to respond to the subpoenas and to the Court's Orders and had ensured

due process; yet, Respondents willfully refused to respond to the subpoenas or comply with the Court's Orders. *Id.* at p. 4. The Court granted the motion by default, pursuant to Local Rule 7.1(c), and also granted the motion on the merits. *Id.* Respondents were ordered to fully respond to all outstanding subpoena requests on or before August 10, 2020, and the Court found that all objections had been waived. *Id.* at pp. 4-5. Respondents and their principals were put on notice and advised that failure to comply with the Order may result in the imposition of sanctions, including, but not limited to, contempt proceedings against Respondents and their principals, Andro Suarez and Sameer Farouk Ibrahim; an order requiring the U.S. Marshal to pick up the principals of Respondent Corporations, Andro Suarez and Sameer Farouk Ibrahim, to be brought the West Palm Beach federal courthouse to show cause why they should not be held in contempt of court for failing to comply with a subpoena and Orders of this Court; an award of costs and attorney's fees against Respondents, Andro Suarez, and Sameer Farouk Ibrahim; and any additional necessary sanctions. *Id.* at p. 5.

Finally, in the July 20, 2020 Order, the Court granted Petitioners' request for sanctions pursuant to the Court's inherent power and required that Petitioners file an appropriate affidavit with the Court documenting all attorney's fees and costs incurred as a result of drafting its motion [DE 1], personally serving pleadings upon Respondents' principals (as required by the Court), and reviewing this Court's Orders. [DE 9, p. 6]. Respondents were given an opportunity to file a response or objections to the hourly rate claimed by Petitioners' counsel and the number of hours incurred by Petitioners' counsel. *Id.* The Court once again directed the Clerk of Court to mail a copy of this Order to the officers of Respondents and directed Petitioners to serve the Order via email. *Id.* at p. 7.

Petitioners timely filed the Declaration of Gail Podolsky [DE 10], in which Ms. Podolsky represents that Petitioners are seeking $15,226.00 in attorney's fees, $47.00 in costs for filing this Miscellaneous Action, and $7,361.00 in third-party costs to personally serve pleadings upon Respondents' principals as required by the Court. Thereafter, Respondent, AS Trading Corp. filed Responses and then Amended and Supplemental Responses to Petitioners' Subpoena. [DEs 11, 12]. AS Trading also filed a Response to Petitioners' Attorneys' Fees [DE 13], objecting to certain time entries, to the amount of costs, and to the attorney's billable rates. Petitioners then filed a Reply in Support of Their Fee Petitioner [DE 14]. Respondent SFA Trading never objected to the attorney's fees or costs claimed by Petitioners.

## LEGAL STANDARD

### A.     Attorney's Fees

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

The "fee applicant bears the burden of establishing entitlement and documenting

5

the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.  That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

**1.   Reasonable Hourly Rate**

Gail Podolsky, Esq., filed a Declaration in support of Petitioners' request for attorney's fees and costs. [DE 10]. Two shareholders at Carlton Fields, P.A, Gail Podolsky and Stacey K. Sutton, represented Petitioners in this matter. *Id.* at p. 2. Ms. Podolsky has over fifteen years of intellectual property litigation experience and bills at an hourly rate of $595.00. *Id.* Ms. Sutton have over twenty years of litigation experience with an expertise in telecommunications litigation and bills at an hourly rate of $570.00. *Id.* According to Ms. Podolsky, the two attorneys' blended hourly rate of $582.50 "is comparable to the hourly rates charged by firms in the Southern District of Florida for similar service by lawyers of reasonably comparable skills, experience, and reputation." *Id.* Ms. Podolsky cites cases from this District where courts found hourly rates between $550 and $675 to be reasonable. *Id.* at pp. 2-3.

While Ms. Podolsky's and Ms. Sutton's billable rates may be reasonable for other litigation matters, their time here was simply spent compelling document production in response to Petitioners' subpoenas. The attorneys' specialization in complex areas of the law is irrelevant in this case when the attorneys did not practice in those areas of law in this simple discovery action. Because the services for which Petitioners seek reimbursement was not complex work, a factor this Court must consider under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714

(5th Cir. 1974), the Court finds that the billable rates claimed are not reasonable. *See In re Hornbeam Corp.*, No. 14-CV-24887, 2019 WL 5106768, at *4 (S.D. Fla. Sept. 27, 2019) (reducing a partner's hourly billable rate from $515 to $350 when partner's time was spent coordinating, reviewing, and conducting document review relevant to subpoenas).

Respondent AS Trading Corp. argues that "Petitioners' counsels [sic] rates should be reduced to reflect this miscellaneous action and not the more specialized litigation in the Atlanta litigation. $500.00 an hours [sic] is a more appropriate rate for this miscellaneous action." [DE 13, pp. 8-9]. AS Trading also cites several cases to support its position. *Id.* The Court agrees with AS Trading that the rate should be reduced and will apply the rate proposed by AS Trading.

Based upon the record evidence, the docket, and the Court's own experience in assessing the reasonableness of attorney's fees, this Court finds that an hourly rate of $500 is reasonable for each attorney in the particular context of this case.

### 2.      Number of Hours Reasonably Expended

Next the Court must determine whether the hours billed were reasonable. In her Declaration, Ms. Podolsky states that she spent 20.8 hours on the relevant matters, and Ms. Sutton spent 5.0 hours. [DE 10, p. 2]. Ms. Podolsky has also submitted detailed time records [DE 10-1]. AS Trading objects to several time entries as being outside of the matters for which the Court awarded attorney's fees. *See* DE 13, pp. 3-6.

The Court has independently reviewed the time entries to determine if the hours claimed are reasonable and if the time spent falls within the scope of recoverable tasks. The Court previously awarded Petitioners attorney's fees incurred in drafting their motion [DE 1], personally serving pleadings upon Respondents' principals (as required by the Court), and

reviewing this Court's Orders. [DE 9, p. 6]. The Court finds that the time claimed is within the scope of the award of attorney's fees, but the Court also finds that the time claimed is somewhat excessive.[1]

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, the undersigned finds that an across-the-board reduction in hours is appropriate in this case to account for the excessive hours billed. The Court will reduce the hours claimed by 20%. Thus, the total fee award is $8,320.00 for Ms. Podolsky, and $2,000.00 for Ms. Sutton in light of the reduction of hours and the reduced billable rate. The total fee award for both attorneys is $10,320.00.

## B.     Costs

Petitioners are seeking $47.00 in costs for filing this Miscellaneous Action and $7,361.00 in third-party costs to personally serve pleadings upon Respondents' principals as required by the Court. [DE 10, p. 3]. Neither AS Trading nor SFA Trading has objected to the $47.00 filing fee, and the Court finds that it appropriate, reasonable, and supported by supporting documentation [DE 10-2].

In response to the service costs, SFA Trading failed to timely lodge objections. However,

---

[1] For example, the attorneys claim they spent approximately 2.9 hours reviewing billing records to prepare a list of fees and costs associated with this action; preparing the Declaration detailing attorneys' fees and costs; and conducting legal research re: the reasonable of the rates sought. [DE 10-1, p. 4]. The attorneys also billed 1.5 hours to draft the 6-page Declaration of Gail Podolsky re: Service Attempts on Ibrahim/SFA Trading. *Id.*

AS Trading has objected to the amount of the costs. AS Trading argues that, while Petitioners filed an Affidavit of Joseph Warren Jr. [DE 8-3] detailing the efforts to serve SFA Trading, they have not filed a similar affidavit detailing why it took 32.95 time units to serve Mr. Suarez. [DE 13, p. 6]. According to AS Trading, "[t]his is an excessive and unreasonable amount of time to serve Mr. Suarez", especially since he was home during the relevant time period. *Id.* at pp. 6-7.

In reply, Petitioners contend that Mr. Suarez, the principal and registered agent for Respondent AS Trading, refused to answer the door (despite his car being in the driveway) the numerous times Petitioners' investigator attempted to serve him at his house. [DE 14, p. 4]. Petitioners accuse Mr. Suarez of intentionally evading service on numerous occasions. *Id.* Petitioners have provided a Return of Non-Service [DE 14-1] and the Declaration of Stuart Drobny [DE 14-2] to support their position that Mr. Suarez caused them to incur such a high amount of costs because he avoided service.

The Court has carefully reviewed the invoice from STUMAR Investigations [DE 10-3]. Out of the $7,361.00 in charges, $5,106.75 was incurred in attempting to serve Andro Suarez, $2,092.50 was incurred in attempting to serve Sameer Ingrahim, and $161.25 was mileage fees. *Id.* Petitioners previously filed an Affidavit of Service regarding Mr. Suarez. [DE 8-1]. The process server explained that it took multiple attempts to serve Mr. Suarez. *Id.* The evidence supports Petitioners' representation that Mr. Suarez tried to avoid service, which increased the service costs.

The Court notes that evasion of service of process comes at a price, and Respondents shall now have to pay it. This expense could have been avoided if Respondents had not evaded service and had instead timely complied with this Court's Orders and the properly issued

subpoenas. However, Respondents failed to do so. The Court finds that the costs incurred are both reasonable and supported by evidence. Therefore, the costs are fully recoverable.

### C.      Apportionment of Attorney's Fees and Costs Award

AS Trading's position it that it would be "manifestly unjust to require AS Trading to pay all of Petitioners legal fees and costs" since AS Trading has filed its response to the subpoena and provided the documents within its possession, custody, or control, while SFA Trading has still failed to file any response. [DE 13, p. 2]. AS Trading believes that requiring it "to bear the full brunt of an attorney's fee and cost award, while not requiring SFA Trading to share in any expense, would reward SFA Trading for continuing to defy this Court's authority." *Id.* AS Trading also argues that it should be liable for the service costs that were incurred against it, and not the costs incurred in attempting service upon SFA Trading. *Id.* at p. 6. Petitioners are "amenable to allocating the investigator fees to each Respondent. AS Trading's portion is $5,214.50 and SFA Trading's portion is $2,146.50." [DE 14, p. 4]. The Court finds AS Trading's position to be reasonable.

As an initial matter, the Court notes that the attorney's fees and costs were awarded against AS Trading and SFA Trading under the Court's inherent power due to Respondents' conduct in failing to respond the subpoenas **PRIOR TO** the Court's July 20, 2020 Order. Therefore, while the Court is pleased that AS Trading belatedly responded to the subpoena, and has now fully complied, such response does not cure its prior conduct which required Petitioners to expend fees and costs.

However, the Court does agree that AS Trading, the only responsive Respondent, should not be on the hook for the total amount of fees and costs if SFA Trading fails to pay any fees or

costs. Therefore, the Court shall require each Respondent to pay half of the attorney's fees instead of holding Respondents jointly and severally liable. The Court will also hold each Respondent responsible for half of the common costs. Finally, the Court will only hold each Respondent responsible for the service costs incurred in attempting service on that specific Respondent.

Thus, AS Trading is responsible for $5,160.00 in attorney's fees (half of the total attorney's fees award), $104.13 in costs (half of the filing fee plus half of the mileage costs), and another $5,106.75 in costs incurred in attempting to serve Andro Suarez. The total attorney's fees and costs award against AS Trading is $10,370.88, and this amount shall be paid forthwith by AS Trading as ORDERED below.

SFA Trading is responsible for $5,160.00 in attorney's fees (half of the total attorney's fees award), $104.13 in costs (half of the filing fee plus half of the mileage costs), and another $2,092.50 in costs incurred in attempting to serve Sameer Ingrahim. The total award against SFA Trading is $7,356.63, and this amount shall be paid forthwith by SFA Trading as ORDERED below.

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Respondent, AS Trading Corp. is ORDERED to pay, and shall pay, Petitioners their attorney's fees and costs in the total amount of $10,370.88.

2. Respondent, SFA Trading "Inc.", is ORDERED to pay, and shall pay, Petitioners their attorney's fees and costs in the total amount of $7,356.63.

3. Respondents are ORDERED to make such payment to Petitioners' counsel on or before

**September 30, 2020**. The payment shall be made to the trust account of Carlton Fields PA. and delivered or mailed to Carlton Fields PA., so that it is received by the due date.

4. **RESPONDENTS, AS TRADING CORP. and SFA TRADING "INC." ARE HEREBY ADVISED THAT, IF THEY FAIL TO FULLY COMPLY WITH THIS ORDER AND FAIL TO PAY THE AWARD OF ATTORNEY'S FEES AND COSTS AS ORDERED BY THIS COURT, A JUDGMENT MAY BE ENTERED AGAINST THEM, CONTEMPT PROCEEDINGS MAY BE INSTITUTED AGAINST THEM AND THEIR OFFICERS OR PRINCIPALS, AND THEY MAY BE FOUND IN CONTEMPT OF COURT. ADDITIONALLY, FURTHER SANCTIONS MAY BE IMPOSED UPON THEM, INCLUDING BUT NOT LIMITED TO A FURTHER AWARD OF COSTS AND ATTORNEY'S FEES.**

5. On or before **October 5, 2020**, Petitioners' counsel shall advise the Court whether the payment has been made in full by Respondents as directed in this Order. If payment has not been made in full, Petitioners shall have leave to file a motion seeking appropriate further relief.

6. Further, Petitioners shall promptly advise, on or before **September 15, 2020**, whether they are seeking an order of contempt against SFA Trading and Sameer Farouk Ibrahim, for their failure to comply with the Court's many Orders, and if so, they shall file an appropriate motion related to that issue.

7. The Clerk of Court is DIRECTED to mail a copy of this Order to Sameer Farouk Ibrahim, 1621 SE Blockton Avenue, Port St. Lucie, Florida 34952.

8. Petitioners' counsel is DIRECTED to serve this Order via email, if known, on the

principals and registered agents of Respondent SFA Trading. Petitioners' counsel shall also provide a copy of this Order to Thomas J. Patti, Esq., an attorney at the Law Offices of Jibrael S. Hindi, PLLC.

**DONE AND ORDERED** in Chambers this 1st day of September, 2020 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge